UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER REMUS GREEN,<br><br>Petitioner,<br><br>vs.<br><br>MIKE BABCOCK,<br><br>Movant. | No. 2:13-cv-1646-EFB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the calculation of his sentence by the Federal Bureau of Prisons. Upon careful consideration of the record and the applicable law, it is recommended that the petition be denied.

**I. BACKGROUND**

Petitioner is currently serving a sentence of 120 months and another sentence of 48 hours after pleading guilty in the United States District Court for the Southern District of Georgia to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and criminal trespassing, in violation of 18 U.S.C § 1382. ECF No. 16, Exh. 1, Attach. 5 and 7. Petitioner's current projected release date is April 1, 2015, via good conduct time. *Id.*, Attach. 11.

/////

Petitioner filed his federal habeas petition in this court on August 9, 2013. ECF No. 1. The court issued an order to show cause on October 15, 2013, ECF No. 13, and respondent filed an answer to the petition on January 15, 2014. ECF No. 16. Petitioner filed a traverse on February 24, 2013. ECF No. 23.

## II. ANALYSIS

### A. Standards of Review Applicable to Habeas Corpus Claims Under § 2241

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Federal district courts do not have the responsibility or the authority to determine the number of pre-sentence custody credits owing to a defendant at the time of sentencing. *United States v. Wilson*, 503 U.S. 329, 333–34 (1992). Upon arrival at a federal prison, however, the Attorney General, through the BOP, must administer a defendant's federal sentence, including calculation of the time left to be served. *Id*. at 335. If, after exhausting administrative review, a defendant disagrees with the BOP's calculations, he or she may seek judicial review by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) (a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241); *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000) (same).

### B. Proper Respondent/Venue

In a habeas challenge, the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (stating, in a habeas corpus action pursuant to 28 U.S.C. § 2241, "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Further, under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus must be brought in the district court where the petitioner is confined or in the district where he was convicted and sentenced.

Here, at all pertinent times, petitioner was incarcerated at the Federal Correctional Institution in Herlong, California ("Herlong"), which is located in the Eastern District of California. Petitioner has named Michael Babcock, the Warden of Herlong, as respondent. Accordingly, this action has been properly filed in this court.

**C.    Petitioner's Claims**

    **1.    Ground One**

Petitioner claims in his first ground for relief that he is entitled to a credit on his federal sentence for time served in a state correctional facility for a parole violation. ECF No. 1 at 17-18.

        **a.    Background**

On June 5, 2006, in the state of Georgia, petitioner was sentenced to concurrent five-year terms of imprisonment for possession of cocaine with intent to distribute and theft by receipt of stolen property, and to shorter concurrent terms for three lesser offenses. ECF No. 16, Exh. 1, Attach. 3. His state sentences began to run on January 12, 2006. *Id.* He was released on parole on December 4, 2007. *Id.* at 3.

On August 11, 2008, petitioner was indicted for criminal trespassing in case number CR 4:08-175 in the United States District Court for the Southern District of Georgia. *Id.*, Exh. 1, at ¶ 3.

On March 4, 2009, petitioner was arrested by sheriff's deputies in Georgia for possession of a firearm by a felon, theft by receiving stolen property, and for violating his state parole. *Id.* at ¶ 4.

On March 18, 2009, the Georgia Department of Corrections ("GADOC") revoked petitioner's state parole, and returned him to the custody of the GADOC. *Id.* at ¶ 5.

On April 21, 2009, petitioner was sentenced in federal court, case number CR 4:08-175, to 48 hours incarceration, and was then returned to state custody. *Id.* ¶ 6. The judgment and commitment made no reference to whether the sentence was to run concurrent or consecutive to petitioner's state sentence. *Id.,* Attach. 5.

/////

/////

1    On May 10, 2010, petitioner was indicted in case number CR 4:10-107 in the United
2 States District Court for the Southern District of Georgia, for possession of a firearm by a
3 convicted felon, and possession of a stolen firearm. *Id.*, at ¶ 7.
4    On May 25, 2010, petitioner appeared in the Southern District of Georgia to answer to the
5 new federal indictment in case number CR 4:10-107, and remained in temporary federal custody
6 until he was sentenced on December 15, 2010. ECF 16, Exh. 1 at ¶ 8. After pleading guilty to
7 count one of the indictment, petitioner was sentenced to 120 months incarceration. *Id.* at ¶ 9.
8 The sentencing court further recommended that petitioner be given credit toward his federal
9 sentence for all time served since March 4, 2009. *Id.,* Attach. 7. After he was sentenced,
10 petitioner was returned to state custody. *Id.* at ¶ 9.
11    On January 11, 2011, petitioner was released to federal custody to begin his respective
12 two-day and 120-month sentences. *Id.* at ¶ 10.
13    On September 26, 2011, the Supervisory U.S. Probation Officer for the Southern District
14 of Georgia, at the request of petitioner's sentencing judge, U.S. District Court Judge William T.
15 Moore, sent a letter to the BOP explaining as follows:

> Although Judge Moore recommended that Green receive credit toward his federal sentence for all time that Green spent in custody since March 4, 2009, Judge Moore does not agree to Green receiving credit toward his federal sentence for time that was credited to another sentence, in Green's case, a state parole revocation. It should be noted that, as of this date, Green has not been credited with that time and Judge Moore would like the record clear that he does not agree to him receiving that credit[1].

21 *Id.* Attach. 12.
22    Accordingly, the BOP determined that the time from March 4, 2009 through March 18,
23 2009, had already been credited toward petitioner's state parole violation, therefore he was not
24 entitled to double credit toward his federal sentence. *Id.* at ¶ 13. The BOP further determined
25 that, because both federal sentencing courts were silent on the issue of consecutive or concurrent
26 /////

---

[1] There is no dispute concerning whether Judge Moore asked the probation officer to clarify his intent for BOP.

4

sentences at the time of sentencing, petitioner's federal sentences were required to run consecutive to the remaining sentence on his state parole violation. *Id.* at ¶ 14.

### b. Petitioner's Arguments

Petitioner argues that the BOP erroneously concluded that awarding him prior custody credit from the time of his arrest by state deputy sheriffs on March 4, 2009, through the time of his state parole revocation on March 18, 2009, amounted to impermissible double counting; and that under *Willis v. United States*, 438 F.2d 923, 924 (5th Cir. 1971), he is entitled to prior custody credit because he was being held by Georgia state officials without bond on a federal detainer. ECF No. 1 at 17-18.

### c. Respondent's Arguments

Respondent counters that petitioner's sentence for his state parole violation had already been calculated to include all time spent in custody from January 12, 2006, through January 11, 2011. ECF No. 16 at 6. Therefore, under the plain language of 18 U.S.C. § 3585, the relief he seeks is not available because the time in question had already been credited toward the remaining sentence on his state parole violation. *Id.*, Exh. 1 at ¶ 13.

Respondent also argues that petitioner is not entitled to credit under *Willis*, because his state and federal sentences were not specifically ordered to run concurrent, and would therefore run consecutive to each other. *Id*. at 8. In addition to the state and federal sentences running concurrent, *Willis* also requires that the state credit given to the inmate for a presentence period of incarceration must not have actually provided any benefit to him, because the inmate's full-term federal sentence will end later than the full-term state sentence. *Id.* at 7. In this case, petitioner did receive a benefit because the time from March 4, 2009 through March 18, 2009 was credited against his state parole violation before his federal sentence ever began. *Id.* at 8. Thus, BOP correctly determined that petitioner was not entitled to *Willis* credits. *Id*. Moreover, any ambiguity raised by Judge Moore's sentencing recommendation on the gun charge was clarified by his later instruction to the probation office to contact the BOP and inform them that he did not intend for petitioner to receive credit towards his federal sentence for time that was already credited toward another sentence. *Id.*, Exh. 1, Attach. 12.

5

### d. **Petitioner's Traverse**

In his traverse petitioner first argues that the time spent from March 4, 2009 through March 18, 2009, should have been credited toward his federal sentence because his parole revocation was based on an arrest and investigation that was conducted jointly by federal and state authorities and, because federal law trumps state law, he was actually being held in federal custody during that time. ECF No. 23 at 2-4. Also, he again argues that he is entitled to *Willis* credits because, following his March 9, 2009 arrest, he was not allowed to make bond due to a federal detainer. *Id*. at 4.

### e. **Exhaustion of Administrative Remedies**

The BOP has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of imprisonment. To bring a 28 U.S.C. § 2241 petition, a prisoner is ordinarily required to exhaust his administrative remedies. "It is only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in district court." *Chua Han Mow v. United States*, 730 F. 2d 1308, 1313 (9th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985).

Petitioner raised his challenge to the calculation of his federal sentence on December 20, 2011, in a prison form entitled "Request for Administrative Remedy." ECF No. 16, Exh. 1, Attach. 15 at 81. The Warden denied petitioner's request in a response dated December 28, 2011, which explained as follows:

> This is in response to your Request for Administrative Remedy dated December 20, 2011, in which you request in-custody credits from March 2009.
>
> You were taken into custody via federal writ on March 23, 2009 from the Georgia Department of Corrections. You remained in the custody of the US Marshals and were released from your Georgia sentence on January 11, 2011. On January 11, 2011, your prior custody credit began.
>
> Title 18 United States Code 3585(b) states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences; (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against

6

> another sentence." The time you have requested is time you received credit toward your state sentence, therefore, it cannot be applied to your federal sentence.
>
> The time period you are requesting is not creditable to your federal sentence as it was time in custody based on a federal writ. During which time you are only "borrowed" from the state.
>
> Accordingly, your Request for Administrative Remedy is denied.

ECF No. 16, Exh. 1, Attach. 15 at 82.

On May 21, 2012, petitioner appealed the Warden's decision to the Regional Director of the Bureau of Prisons. *Id.*, Attach. 16 at 94-95. On August 6, 2012, the Regional Director denied relief, stating as follows:

> We have investigated your appeal and the following facts apply to your case. While serving a sentence with the Georgia Department of Corrections (GADOC), you were released to the United States Marshals via a writ of habeas corpus on April 20, 2009, and again on May 25, 2010. While on federal writ your state sentence continued to run. You were sentenced in federal court to 120 months on December 15, 2010. This order was silent which the Bureau interprets as consecutive to your state sentences. While still on federal writ you were paroled from your GADOC sentence on January 11, 2011.
>
> You claim the federal court granted you jail credit during sentencing, but this is not the case. Bureau of Prisons policy directs us to treat any order that recommends credit that 'is not authorized' as surplus language. Accordingly, credit will not be given under these conditions. The period of time in question was credited to your state sentence. Your federal sentence began to run on January 11, 2011, the day you were paroled from your state term.
>
> Title 18 U.S.C. 3585(b), Credit for Prior Custody, states, "Defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has not been credited against another sentence." Program Statement 5880.28, Sentence Computation Manual-CCCA, states, "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The primary reason for 'writ' custody is not the federal charge. The federal court merely 'borrows' the prisoner under the provisions of the writ for secondary custody.
>
> Based on the above information, your request for administrative remedy is denied.

*Id.* at 93.

/////

On August 20, 2012, petitioner appealed the preceding decision to the Office of the General Counsel for the Bureau of Prisons. *Id.* at 86. On December 11, 2012, the Central Office Administrative Remedy Section denied relief, reasoning as follows:

> A review of your file reveals you were arrested by Georgia authorities on March 4, 2009, for Possession of a Firearm by a Felon, Theft by Receiving Stolen Property, and a Parole Violation. On March 18, 2009, your parole was revoked and you were in the primary custody of state authorities. You were subsequently produced in federal court pursuant to a writ on December 15, 2010, and sentenced to a 120-month term of imprisonment. While on writ, your state sentence ended on January 11, 2011, and your federal sentence was calculated to commence the same day.
>
> Your case was reviewed and under the provisions of 18 U.S.C.§ 3585(b), which states in part; "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, as a result of the offense for which the sentence was imposed or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence.
>
> Our review shows the State of Georgia credited you with all of the time you spent in custody. Additionally, the sentencing judge clarified his order in a letter addressed to the Designation and Sentence Computation Center (DSCC), for which you were forwarded a copy. Specifically, the judge advised it was not their intent for you to receive credit toward your federal sentence for time that was credited to another sentence.
>
> The credit you seek cannot be applied towards your sentence since this period of time has already been applied toward your state sentence. We find your sentence has been computed as directed by federal statute and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).
>
> Accordingly, your appeal is denied.

ECF No. 16, Exh. 1, Attach. 16 at 87-88.

Based on the foregoing, the undersigned concludes that petitioner has exhausted his administrative remedies.

### f.     **Analysis**

Petitioner first argues that the BOP erroneously denied him prior custody credit from the time of his arrest by state deputy sheriffs on March 4, 2009, through the time of his state parole

/////

1 revocation on March 18, 2009. ECF No. 1 at 18. The statute governing credits and the
2 calculation of a federal term of imprisonment provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

By enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Because petitioner already had this time credited toward his state sentence, ECF No. 16, Exh. 1, Attach. 16, the BOP properly determined that he is not allowed to also have this time credited toward his federal sentence. Furthermore, petitioner's argument, raised in his traverse, that he is entitled to credit toward his federal sentence because his arrest and incarceration were based on an investigation conducted jointly by federal and state authorities (therefore he was being held in federal custody), has no bearing on whether he is entitled to prior custody credit for the time in question, as it is undisputed that he was in custody not only on the federal detainer, but on state charges as well. ECF No. 16, Exh. 1 at ¶ 4.

Petitioner further argues that the Fifth Circuit's decision in *Willis v. United States,* 438 F.2d 923 (5th Cir. 1971) entitles him to credit on his federal sentence because from March 4, 2009 through March 18, 2009, he was being held without bond by state authorities due to the federal detainer. ECF No. 1 at 10-11. Fellow district courts have explained so-called "Willis" credits as follows:

> [T]he BOP has adopted a policy of awarding presentence custody credits already credited to a concurrent state sentence under narrow circumstances where the BOP has determined that the credits will be of no benefit to the federal prisoner. These credits are called Willis ... credits and are based on a judicially-created exception to §

9

> 3585(b) set forth in ... Willis v. United States. The Fifth Circuit's specific concern in *Willis* was that the defendant in that case had initially spent time in state custody only because he was subject to a federal detainer and therefore should get federal credit for that time. (Where a defendant was denied release on bail because the federal detainer was lodged against him, then that was time spent in custody in connection with the [federal] offense, ... since the detainer was issued upon authority of the appellant's federal conviction and sentence.)  Given that circumstance, the court concluded the petitioner was entitled to federal credit for that time spent in state custody due to the federal detainer which precluded him from being released on bail on the state charges.  *To be eligible for Willis credits, however, the inmate must be serving a concurrent federal sentence and the inmate must not actually benefit from a credit to his state sentence.*

*McRae v. Rios*, 2013 WL 1758770 at *5 (E.D. Cal. 2013) (internal citations and quotations omitted) (emphasis added.)

Thus, petitioner's reliance on *Willis* is misplaced.  *Willis* requires that (1) his federal and state sentences run concurrent, and (2) that he did not actually benefit from the state credit given to him for his presentence period of incarceration. *Willis*, 438 F.2d at 925.  Neither of petitioner's federal sentences were specifically ordered to run concurrent to his state sentence.  ECF No. 16, Exh. 1, Attachs. 5, 7.  Because neither judgment made reference to whether the sentence was to run concurrent or consecutive to petitioner's state sentence, the federal sentences imposed would run consecutively.  18 U.S.C. § 3584(a) ("[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.");  *Taylor v. Sawyer*, 283 F.3d 1143, 1148 (9th Cir. 2002) (affirming the district court's denial of a section 2241 petition where the Bureau of Prisons refused to treat prisoner's state and federal sentences as concurrent.)  Moreover, petitioner did receive a benefit from the time he spent in custody from March 4, 2009 through March 18, 2009, as that time was credited toward his state sentence.  ECF No. 16, Exh. 1, Attach. 2.  For the foregoing reasons, petitioner is not entitled to *Willis* credits.

**2.     Ground Two**

Petitioner also claims that he is entitled to a *nunc pro tunc* order directing the BOP to designate a state prison as the facility for service of his federal sentence.  ECF No. 1 at 11-12.  A *nunc pro tunc* designation would allow a sentence to commence as early as the date it was imposed, which would effectively mean that petitioner's federal sentence would run concurrently

1   with his state sentence. ECF No. 16, Exh. 1, ¶ 17. Petitioner argues that such an order is

2   necessary to give effect to Judge Moore's sentencing recommendation that he receive credit for

3   all time that he has spent in custody since March 4, 2009. *Id.*

4         Bureau of Prisons guidelines regarding the designation of a state institution for service of

5   a federal sentence provide as follows:

> 3. PROGRAM OBJECTIVES. --
>
> a.  State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system."
>
> …
>
> 7. STATUTORY AUTHORITY. –
>
> b.  Federal judges have the authority to order a federal term of imprisonment to run consecutively to or concurrently with any other sentence. When there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively (see 18 U.S.C. § 3584). (This applies only to federal offenses committed on or after November 1, 1987.)
>
> 8. AUTHORITY FOR DESIGNATIONS. The Bureau's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.
>
> • A designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system.

20   BOP Program Statement No. 5160.05 ¶¶ 3a, 7b, 8. ECF No. 16, Exh. 1, Attach. 13 at 65-66, 68.

21         At the time his federal sentences were imposed, petitioner was serving out the remainder

22   of an earlier state court sentence following a parole revocation. ECF No. 16, Exh. 1 at ¶ 5. In its

23   September, 2011 letter to the BOP's Designation and Computation Center, the Supervisory

24   Probation Officer made it clear that Judge Moore, notwithstanding his sentencing

25   recommendation, did not intend for petitioner to receive credit toward his federal sentence for

26   time that had already been credited to the remaining sentence on his state parole revocation. In

27   accordance with its own policy guidelines, the BOP correctly determined that a *nunc pro tunc*

28   designation would not be consistent with the intent of the federal sentencing court, nor would it

further the goals of the criminal justice system.  Based on the foregoing, petitioner is not entitled to a *nunc pro tunc* designation.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk shall randomly assign this case to a United States District Judge.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  May 4, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE